Felix Mosley *v.* State.

[65 South. 124.]

Intoxicating Liquors. *Illegal sale. Admissibility of evidence.*
  In a prosecution for the unlawful sale of liquors, where the state witnesses did not definitely locate the date of the alleged sale, and both of them testified that they only obtained the liquor from defendant once, the court should have permitted the defendant to introduce evidence that the sale occurred in another county.

Appeal from the circuit court of Lafayette county.
Hon. H. K. Mahon, Judge.

Felix Mosley was convicted of the unlawful sale of liquor and appeals.

Appellant was convicted of the unlawful sale of intox- icating liquors. The state introduced two witnesses, Brown and Moore, who testified that only one sale was made to them, and that the whisky was in a quart bottle, and that each of said witnesses paid appellant the sum of seventy-five cents, and that the transaction occurred on a road leading north from Water Valley into Lafayette county. In locating the place, however, the witnesses placed the sale at points about a quarter of a mile apart.

The defendant testified that the only transaction he had ever had with the state's witnesses occurred in Yal- obusha county, when he delivered to Moore, who was with Brown at the time, a quart of whisky, whch formed part of an order which he and Moore had sent in to- gether, and which had been paid for at the time it was ordered; that this transaction occurred in the presence of Arthur Cooper and Ed Henry, and appellant offered them as witnesses to substantiate his testimony. The court declined to permit them to testify, and on appeal this is assigned as an error.

*R. F. Kimmons*, for appellant.

Let us briefly review the testimony. Hubert Moore and George Brown, the two state witnesses (and so does the defendant) say that there never was, at any time or place, but the one transaction between the defendant and the state witnesses, or either of them, in which any whisky or intoxicating liquor was delivered by defendant. It is true the state's witnesses say, that the transaction took place at a different time, but they themselves differ as to the time and at a different place (they themselves differ as to the place), from that testified to by the de- fendant, but they all say that this transaction took place on the same road and on a stretch of road something like a mile and a half long. Then if it be true that there was but the one liquor transaction, can it be said with any fairness or justice, that the defendant shall be de- prived of showing to the jury his version of the affair?

The court held in the case of *Compton* v. *State*, 101 Miss. 303, *Page* v. *State*, 59 So. 884, and *Dancler* v. *State*, 61 So. 305, that under the state of facts set forth in the testimony of the defendant and his witnesses that no conviction for the sale of whisky could be upheld, and if this be true, why should the defendant be denied the privilege of showing what the real facts were. Certainly it was peculiarly within the province of a jury to say whether or not E. F. Henry, Arthur Cooper, and the defendant were telling the truth about this transaction or whether Hubert Moore and George Brown were telling the truth.

*Ross A. Collins,* attorney-general, for the state.

It was perfectly proper for the court to exclude the testimony of E. F. Henry and Arthur Cooper in regard to an entirely different whisky transaction. It is an elementary principle of law that a person charged with crime cannot be tried upon several distinct and separate charges. Defendant was charged with selling whisky in Lafayette county. Evidence of another whisky transaction in Yallowbusha county was immaterial and irrelevant and the only results of the admission of this evidence would have been to mislead the jury. Defendant was not denied the right to show what the real facts of the case were, but the testimony of witnesses for defendant was rightly confined to the specific offense charged. This well-settled rule of criminal procedure is announced in the cases of *Morris* v. *State,* 8 S. & M. 762; *Whitelock* v. *State,* 6 So. 237, and *Bailey* v. *State,* 67 Miss. 333.

SMITH, C. J., delivered the opinion of the court.

Since the state's witnesses did not definitely locate the date of the alleged sale, and since both of them testified that they only obtained whisky from appellant once, the court should have permitted the testimony of Arthur Cooper and Ed Henry to go to the jury.

*Reversed and remanded.*